IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EMILY WALZ** <br> 1007 Fairmont Street, NW <br> Washington, DC 20001 <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA** <br>    **SERVE:** <br>    Merrick Garland, Esquire <br>    Attorney General of the <br>    United States <br>    U.S. Department of Justice <br>    950 Pennsylvania Avenue, NW <br>    Washington, DC 20530 <br><br>    and <br><br>    Civil Process Clerk <br>    United States Attorney's <br>    Office <br>    555 Fourth Street, NW <br>    Washington, DC 20530 <br><br>        Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Case No.: <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**COMPLAINT**

COMES NOW Plaintiff Emily Walz, by and through her attorneys, Stephen P. Ollar, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully represents as follows:

**INTRODUCTION**

1.  This Court has jurisdiction over the within cause of action pursuant to the Federal Tort Claims Act (FTCA) and due to

1

the fact that the incident at issue occurred in the District of Columbia.

2. On or about June 3, 2021, Plaintiff filed a Standard Form 95 claim with the Tort Claim Coordinator for the United States Postal Service, pursuant to 28 U.S.C. § 2675(a), a copy of which is attached hereto as Exhibit 1.

**COUNT I**
(Personal Injury)

3. On or about October 13, 2019, at approximately 6:00 p.m., Plaintiff Emily Walz was a passenger in a motor vehicle proceeding westbound on Maryland Avenue, NE, at or near its intersection with 17th Street, NE, in the District of Columbia.

4. At said time and place, Tyrone Hubbard was operating a motor vehicle owned by the United States Postal Service, an agency of Defendant United States of America (hereinafter "U.S.A."), with the express permission and consent of Defendant U.S.A., and/or as the agent, servant, and/or employee of Defendant U.S.A., acting within the course and scope of his employment. Tyrone Hubbard was operating a motor vehicle proceeding northbound on 17th Street, NE, at or near its intersection with Maryland Avenue, NE, in the District of Columbia.

5. At said time and place, Tyrone Hubbard negligently failed to stop at a red traffic signal, causing a collision with

2

the Plaintiff's vehicle, which was lawfully and properly proceeding on said roadway with a green traffic signal.

6. At all relevant times mentioned herein, Defendant U.S.A., acting by and through its driver, Tyrone Hubbard, owed a continuing duty to operate its vehicle in a reasonable and prudent manner, with due regard to other persons then and there lawfully upon said roadway, such as the Plaintiff.

7. Defendant U.S.A., acting by and through its driver, Tyrone Hubbard, breached the duties owed to the Plaintiff, Emily Walz. The collision referred to herein was caused by the negligence of Tyrone Hubbard who, <u>inter alia</u>, failed to stop at a red traffic signal, failed to pay full time and attention, failed to keep a proper lookout, failed to operate the U.S.A. vehicle at a safe and reasonable speed, failed to maintain control of the U.S.A. vehicle, failed to operate the U.S.A. vehicle in such a manner as to avoid a collision, and failed to obey the rules and regulations of the District of Columbia, then and there in full force and effect. At all times mentioned herein, Plaintiff was free of negligence and/or contributory negligence.

8. As a direct and proximate result of the aforesaid negligence, Plaintiff Emily Walz suffered injuries and damages, including, but not limited to: a traumatic brain injury with associated cognitive deficits, emotional changes, and post-traumatic headaches; strain and sprain of the cervical, thoracic,

and lumbar spine; and strain of the trapezius muscles; she has incurred, and will continue to incur, medical and hospital expenses in an effort to care for her injuries; she has suffered and will in the future suffer a loss of earnings and/or earning capacity; and she has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Emily Walz demands judgment of and against Defendant United States of America in the full amount of Five Hundred Thousand Dollars ($500,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

*/s/ Stephen P. Ollar*
Stephen P. Ollar
D.C. Bar No.: 1617446
1232 17th Street, NW
Washington, DC 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
ollar@dc-law.net
*Attorneys for Plaintiff*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Wyetta Pack Tort Claim Coordinator United States Postal Service 900 Brentwood Road, NE Washington, DC 20066 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Emily Walz 1007 Fairmont Street, N.W. Washington, DC 20001 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 06/13/1986 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 10/13/19 | 7. TIME (A.M. OR P.M.) 10:55 a.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On October 13, 2019, Emily Walz was a passenger in a motor vehicle that was proceeding westbound on Maryland Avenue, NE at its intersection with 17th Street, NE, when the vehicle she was occupying was struck by a US Postal Service vehicle that ran a red light. The US Postal Service vehicle was being operated by Tyrone Hubbard. At said time and place, Tyrone Hubbard was acting as an agent, servant, and/or employee of the United States of America, acting in the course and scope of his employment. Ms. Walz alleges the United State of America, acting by and through its driver Tyrone Hubbard was negligent by, inter alia, failing to stop at a red traffic signal; failing to maintain a proper lookout, failing to pay full time and attention, and failing to obey the rules and regulations of the District of Columbia. Ms. Walz alleges that this negligence was the direct and proximate cause of the injuries set forth below. Also see the police report, attached hereto, and incorporated by reference herein.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)
Unknown, it was a Lyft ride-share vehicle.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED (See Instructions on reverse side.)
Ms. Walz was a passenger in a Lyft ride-share vehicle and does not know the extent of the property damage.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Ms. Walz suffered injuries and damages, including, but not limited to, a traumatic brain injury and strain of the trapezius and upper back. Ms. Walz incurred medical and hospital expenses in an effort to care for her injuries; she has has suffered a loss of earnings, and/or earning capacity; and she has suffered and will in the future suffer great pain of body and mind, all of which may be permanent in nature. Also see medical records, attached hereto, and incorporated by reference herein.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Jean Ngounou | 3772 Bel Pre Road Silver Spring, MD 20906 |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $500,000.00 | N/A | $500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signed]* | 13b. Phone number of person signing form 507-581-2789 | 14. DATE OF SIGNATURE 6/1/2021 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046    STANDARD FORM 95
PRESCRIBED BY DEPT OF JUSTICE
28 CFR 14.2

Exhibit 1

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number   ☒ No

Ms. Walz was a passenger in a Lyft ride-share vehicle.

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No

17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95  BACK